IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ELIZABETH CAMPBELL, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV214-065
 )
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
 )
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport ("the ALJ" or "ALJ Davenport") denying her claim for a period of disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and award her benefits. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on August 3, 2011, alleging that she became disabled on July 1, 2007, due to cervical strain in her neck, a pinched nerve, rheumatoid arthritis, high blood pressure, and fibromyalgia. (Doc. No. 13-3, p. 3). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On August 22, 2012, ALJ Davenport conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. James Waddington, a vocational expert, also appeared at the hearing. ALJ Davenport found that Plaintiff was not

disabled within the meaning of the Act. (Doc. No. 13-2, p. 29). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Id. at p. 2). The Appeals Council noted that it reviewed the medical records Plaintiff submitted on appeal and also noted that these records post-dated the ALJ's decision based on December 31, 2007, as Plaintiff's date last insured. (Id. at p. 3).

Plaintiff, born on January 3, 1954, was fifty-eight (58) years old when ALJ Davenport issued his final decision. She has a General Equivalency Diploma ("GED"). (Doc. No. 13-6, p. 8). Plaintiff's past relevant work experience includes employment in the food service industry and the child care industry. (Doc. No. 13-5, pp. 21–22; Doc. No. 13-2, p. 45).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§404.1520 & 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to

preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) & 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of July 1, 2007, through her date last insured of December 31, 2007. (Doc. No. 13-2, p. 31). At Step Two, the ALJ determined that there is no objective medical evidence which shows that Plaintiff had any ongoing treatment for a disabling injury prior to December 31, 2007. (Id. at p. 32). ALJ Davenport did not continue to the third step.

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred because his decision is not supported by substantial evidence.

AO 72A
(Rev. 8/82)

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff asserts that the ALJ failed to determine her age, education, or past relevant work history. Plaintiff also asserts that the ALJ failed to mention her weight in

AO 72A
(Rev. 8/82)

his decision, even though the record contains many references to it. Plaintiff further asserts that the ALJ failed to make a determination of Plaintiff's credibility.

At step two, the ALJ must make a "threshold inquiry" as to the medical severity of the claimant's impairments. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); see 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 404.1520a(a), 404.1523, 416.920(a)(4)(ii), (c), 416.920a(a), & 416.923. "[T]he finding of any severe impairment, whether . . . it qualifies as a disability and whether . . . it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). An impairment or combination of impairments is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities, such as the abilities and aptitudes necessary to do most jobs. 20 C.F.R. §§ 404.1521(a)–(b) & 416.921(a)–(b). In other words, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." McDaniel, 800 F.2d at 1031; see Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (per curiam) (noting that the mere existence of impairments does not reveal the extent to which they limit the claimant's ability to work). Pertinent examples of "basic work activities" include understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b); Sanchez v. Comm'r of Soc. Sec., 507 F. App'x 855, 857 (11th Cir. 2013).

AO 72A
(Rev. 8/82)

Plaintiff failed to meet her burden of establishing a disabling injury or injuries at Step Two. McDaniel, 800 F.2d 1031. The ALJ determined at Step Two that Plaintiff did not have severe impairments which rendered her disabled. Thus, ALJ Davenport was not required to continue discussion of Steps Three through Five, as these steps are relevant only if a claimant meets the burden of establishing a severe impairment, either singly or in combination, at Step Two. In determining that Plaintiff did not have a disabling injury prior to December 31, 2007, the ALJ noted Plaintiff's testimony at the hearing and that there were no medical records, x-rays, MRI scans, or other objective medical evidence confirming such a disabling injury. (Doc. No. 13-2, p. 32). In fact, ALJ Davenport observed that the State agency medical consultants determined that Plaintiff had no medically determinable impairment prior to December 31, 2007, and he gave great weight to the opinions of these consultants (whose opinions included information about Plaintiff's age, education, past work experience, and weight). (Doc. No. 13-2, p. 33). The undersigned's review of the record fails to indicate that there is any objective evidence of a disabling injury during the relevant period. ALJ Davenport's determination that Plaintiff was not disabled at any time prior to her date last insured is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)